# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROSEMONT HOTELS, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | Civil Action No. 24-cv-00120-LKG |
| ) | |
| v. ) | Dated: February 20, 2025 |
| ) | |
| BARTON MALOW COMPANY, *et al.*, ) | |
| ) | |
| Defendant/Counter- ) | |
| Claimant/Counter-Defendant. ) | |
| ) | |

## **MEMORANDUM OPINION**

**I.    INTRODUCTION**

The Plaintiff, Rosemont Hotels, Inc. ("Rosemont"), brings a breach of contract claim against Defendant Jonathan Nehmer & Associates, Inc. ("JN&A"), and a professional negligence claim against Defendant RTM Engineering Consultants, LLC ("RTM"), arising from a contract to provide certain architectural, engineering and interior design services for the construction of a luxury hotel located in Kissimmee, Florida.  ECF No. 134.  Defendant JN&A has moved to dismiss Rosemont's breach of contract claim pursuant to Fed. R. Civ. P. 8 and 12(b)(6).  ECF Nos. 140 and 140-1.  The motion is fully briefed.  ECF Nos. 140, 140-1, 142 and 145.  No hearing is necessary to resolve the motion.  L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court: (1) **GRANTS-in-PART** and **DENIES-in-PART** JN&A's motion and (2) **DISMISSES** Rosemont's breach of contract claim **WITHOUT PREJUDIUCE**.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this civil action, Rosemont brings claims against Defendant JN&A and Defendant RTM, arising from a contract to provide certain architectural, engineering and interior design services for the construction of a luxury hotel located in Kissimmee, Florida (the "Project"). ECF No. 134. Specifically, Rosemont asserts the following claims in the second amended complaint: (1) breach of contract against JN&A (Count I) and (2) professional negligence against RTM (Count II). ECF No. 134 at ¶¶ 17-33. As relief, Rosemont seeks to recover, among other things, monetary damages, prejudgment interest and post-judgment interest from the Defendants. *Id*. at Prayer for Relief.

The Parties

Plaintiff Rosemont is a Florida corporation with its principal place of business located in Kissimmee, Florida. ECF No. 134 at ¶ 2.

Defendant JN&A is a corporation located in Rockville, Maryland and it is a licensed architect in the State of Florida. *Id.* at ¶¶ 3-4.

Defendant RTM is an engineering firm located in Illinois and it is licensed to perform engineering services in the State of Florida. *Id.* at ¶ 6.

Background

As background, Rosemont is the owner and developer of a luxury hotel property located at 3100 Sherberth Road, Kissimmee, Florida 34747. *Id.* at ¶ 10. On or about March 22, 2017, Rosemont agreed to a Proposal for Architecture, Engineering, and Interior Design Services: Rosemont Hotel – Kissimmee, Florida (the "Contract") submitted by JN&A. ECF Nos. 134 at ¶ 11 and 134-1.

Pursuant to the Contract, JN&A agreed to provide design services and engineering services necessary for the construction of the Project, including but not limited to, preparing design development drawings, consulting with local building authorities for preliminary review and procedural explorations, and preparing and coordinating building construction documents, including plans, elevations, sections, details, schedules, and specifications. ECF No. 134 at ¶ 12.

---

[1] The facts recited herein are taken from the second amended complaint. ECF Nos. 134 and 134-1. Unless otherwise stated, the facts are undisputed.

JN&A retained RTM engineering to act as the Mechanical, Electrical, and Plumbing Engineer for the Project, and the Fire Protection Engineer for the Project. *Id.* at ¶ 13.

Rosemont alleges in the second amended complaint that the architectural and engineering designs prepared by JN&A, RTM and JN&A's other consultants "contained conflicting information, errors, and omissions, including but not limited to, errors and omissions in the design of the HVAC system and plumbing system that caused them to not operative effectively, which resulted in the issuance of numerous Requests for Information by the general contractor for the Project, Barton Malow Company, in order to clarify the design and coordination issues with the design documents and required numerous revisions and supplements to be issued by JN&A, which also caused defects in the completed construction of the [hotel]." *Id.* at ¶ 15. Rosemont also alleges that it has been damaged, and continues to be damaged, by these alleged errors and omissions, "including the resulting damages to the Project, . . . costs of replacement, costs of correction, cost for additional testing and inspections, cost for uncovering work, additional Program Management, additional compensation for replacement services, lost revenues, loss of goodwill, and additional expenses made necessary by JN&A and RTM." *Id.* at ¶ 16.

## The Contract

The Contract contains several provisions that are relevant to the pending motion to dismiss. First, Section VI.A of the Contract addresses the applicable law and provides that:

> This agreement shall be governed by the laws of the State of Maryland. Personal jurisdiction and venue for any legal action between [Rosemont] and JN+A under this agreement shall be located in a U.S. court serving the area including Rockville, Maryland.

ECF No. 134-1 at 6. Section VI.C of the Contract addresses indemnification and provides that:

> [Rosemont] shall indemnify JN+A and any employees of JN+A and hold them harmless against any and all actions, claims, or damages that may accrue or allegedly accrue as a result of or arising from any act, alleged act, or alleged omission done in accordance with this contract, except for willful misconduct or gross negligence; [Rosemont] shall also pay reasonable attorneys' fees and costs encountered by JN+A to prepare for or defend against such action or claim.

*Id.* Lastly, Section VI.F of the Contract addresses JN&A's liability to Rosemont and provides that:

> To the fullest extent permitted by law, the total liability of JN+A to [Rosemont] and their respective employees or anyone claiming through any of the foregoing for any damages under any and all theories of liability shall be limited to JN+A's available insurance coverage for the project (inclusive of attorneys' fees and court costs). Notwithstanding the forgoing, no director, officer, shareholder, employee, representative, or agent of JN+A shall have any personal liability to [Rosemont] and their respective employees or any party claiming through any of the foregoing.

*Id*.

<u>Rosemont's Breach Of Contract Allegations</u>

In Count I of the second amended complaint, Rosemont alleges that it entered into a valid and binding contract with JN&A and that JN&A "contractually agreed to provide its services and work to be free from errors and omissions and that the services would meet the standard of care ordinarily provided by an architect practicing in the same or similar locality under the same or similar circumstances." ECF No. 134 at ¶ 21. In this regard, Rosemont alleges that "JN&A provided design drawings and documents that contained conflicting information, errors, and omissions, which resulted in numerous Requests for Information being issued by Barton Malow, the general contractor for the Project, and which required numerous revisions and supplements to the design documents issued by JN&A and RTM, and resulted in defects in the construction of the [hotel]." *Id.* at ¶ 22.

Rosemont contends that JN&A's alleged defective plans, acts, errors, and omissions constitute a breach of the Contract. *Id.* at ¶ 23. Rosemont also contends that it has been damaged by this breach of contract, by, among other things, "incurring damages relating to compensating Barton Malow for additional work relating to JN&A's errors and omissions, costs of replacement, costs of correction, cost for additional testing and inspections, cost for uncovering work, additional Program Management, and additional compensation for replacement services." *Id.* at ¶ 24. And so, Rosemont seeks to recover, among other things, monetary damages, prejudgment interest and post-judgment interest from the Defendants. *Id*. at 7.

### B. Relevant Procedural History

This litigation originated in the United States District Court for the Middle District of Florida and involves several parties and claims. ECF No. 1. The portion of the case involving

Rosemont's breach of contract and professional negligence claims against JN&A and RTM was transferred to this Court on January 10, 2024.  ECF No. 113.

On June 12, 2024, Rosemont filed a second amended complaint.  ECF No. 134.  On July 3, 2024, JN&A filed a motion to dismiss the breach of contract claim against it in the second amended complaint, pursuant to Fed. R. Civ. P. 8 and 12(b)(6), and a memorandum in support thereof.  ECF Nos. 140 and 140-1.  On July 17, 2024, Rosemont filed a response in opposition to JN&A's motion to dismiss.  ECF No. 142.  On July 26, 2024, Rosemont filed a reply brief.  ECF No. 145.

JN&A's motion to dismiss having been fully briefed, the Court resolves the pending motion.

### III. LEGAL STANDARDS

#### A. Rules 8(a) And 12(b)(6)

Pursuant to Fed. R. Civ. P. 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pleaded facts in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).  But to survive a motion to dismiss, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement."  *Id.* at 255.  The Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

#### B. Breach Of Contract Claims

In Maryland, the elements of a breach of contract claim include: (1) a contractual obligation and (2) a material breach of that obligation.  *J.E. Dunn Constr. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (citing *RRC Ne., LLC v. BAA Md., Inc.*,

5

994 A.2d 430, 442 (Md. 2010); *see also MCG, Inc. v. MGSJ Holdings, Inc.*, 648 F. App'x 372, 374 (4th Cir. 2016). And so, a plaintiff must plead that there existed a "contractual obligation, breach, and damages" to state a plausible breach of contract claim. *Wal-Mart Real Estate Bus. Tr. v. Garrison Realty Inv'rs, LLC*, 657 F. Supp. 3d 757, 755 (D. Md. 2023) (quoting *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020)).

    **C.  Contract Interpretation**

"Under Maryland law, the interpretation of a contract, including the determination of whether a contract is ambiguous, is a question of law." *See Gresham v. Lumbermen's Mut. Cas. Co.*, 404 F.3d 253, 260 (4th Cir. 2005) (internal quotations omitted). A contract is ambiguous "if its language is susceptible to multiple interpretations by a reasonable person." *Dumbarton Improvement Ass'n, Inc. v. Druid Ridge Cemetery Co.*, 73 A.3d 224, 233 (Md. 2013). In this regard, Maryland courts apply the objective theory of contract interpretation, looking to the language of the contract itself. *Wash. Metro. Area Transit Auth. v. Potomac Inv. Props, Inc.*, 476 F.3d 231, 235 (4th Cir. 2007) (internal citations omitted). Under this theory, the "court's duty is to determine the intent of the parties as reflected in the terms of the contract." *Sy-Lene of Wash., Inc. v. Starwood Urban Retail II, LLC*, 829 A.2d 540, 546 (Md. 2003). This means that "a contract's unambiguous language will not give way to what the parties thought the contract meant or intended it to mean at the time of execution." *Dumbarton Improvement Ass'n, Inc.*, 73 A.3d at 232 (citations omitted).

When interpreting contract language, "the court will give effect to its plain, ordinary, and usual meaning, taking into account the context in which it is used." *Chaplick for Canal Vista Tr. v. Jeng Fen Mao*, 215 F. Supp. 3d 470, 479 (D. Md. 2016) (quoting *Sy–Lene of Wash.*, 829 A.2d at 546). To that end, this Court has held that "a contract should not be read to include meaningless or superfluous language." *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 532 (D. Md. 2014); *see also Rota-McLarty v. Santander Consumer USA Inc.*, 700 F.3d 690, 701 (4th Cir. 2012) ("Basic principles of contract interpretation instruct us to look first to the plain meaning of the contract's terms, and also to give meaning to each word used and avoid constructions that render language meaningless, superfluous, or contradictory."). Relevant to the pending motion to dismiss, Maryland courts have held that the scope of indemnification is a matter of contract interpretation. *Nova Rsch., Inc. v. Penske Truck Leasing Co.*, 952 A.2d 275, 284 (2008). "As with any contract clause, a court construes language of an indemnification provision in

6

accordance with its customary, ordinary, and accepted meaning." *Bd. of Trs., Cmty. Coll. of Balt., Cnty. v. Patient First Corp.*, 120 A.3d 124, 132 (Md. 2015).

### IV. ANALYSIS

JN&A has moved to dismiss Rosemont's breach of contract claim in Count I of the second amended complaint, pursuant to Fed. R. Civ. P. 8 and 12(b)(6), upon the grounds that: (1) Rosemont fails to state a plausible breach of contract claim, because the second amended complaint lacks sufficient factual allegations to provide the grounds on which the claim is based and (2) Rosemont has no breach of contract claim against JN&A, because JN&A is entitled to indemnification from Rosemont under the terms of the Contract. *See generally* ECF No. 140 and 140-1. And so, JN&A requests that the Court dismiss Rosemont's breach of contract claim. ECF No. 140-1 at 13.

Rosemont counters that the Court should not dismiss its breach of contract claim, because: (1) it has sufficiently pleaded a breach of contract claim and (2) the Contract's indemnity clause does not bar this claim. ECF No. 142 at 1. And so, Rosemont requests that the Court deny JN&A's motion. *Id.* at 14.

For the reasons that follow, the plain and unambiguous language of the Contract's indemnity clause does not bar Rosemont's breach of contract claim, because the Contract's indemnity clause covers only claims brought by third parties. A careful reading of the second amended complaint shows, however, that Rosemont has not alleged sufficient factual allegations to provide JN&A with notice of the grounds for its breach of contract claim. And so, the Court: (1) GRANTS-in-PART and DENIES-in-PART JN&A's motion and (2) DISMISSES Rosemont's breach of contract claim WITHOUT PREJUDIUCE.

### A. The Contract's Indemnity Clause Does Not Preclude Rosemont's Breach Of Contract Claim

As an initial matter, the Contract contains a valid and enforceable indemnity clause, which does not bar Rosemont's breach of contract claim against JN&A.

"Under Maryland law, the interpretation of a contract, including the determination of whether a contract is ambiguous, is a question of law." *See Gresham v. Lumbermen's Mut. Cas. Co.*, 404 F.3d 253, 260 (4th Cir. 2005) (internal quotations omitted). In this regard, Maryland courts apply the objective theory of contract interpretation, looking to the language of the contract itself. *Wash. Metro. Area Transit Auth. v. Potomac Inv. Props, Inc.*, 476 F.3d 231, 235

(4th Cir. 2007) (internal citations omitted). And so, "[t]he purpose of contract interpretation is to determine and effectuate the intent of the parties, and the primary source for identifying this intent is the language of the contract itself." *Id*. If "there is a bona fide ambiguity in the contract's language or legitimate doubt as to its application under the circumstances . . . the contract [is] submitted to the trier of the fact for interpretation." *Bd. of Educ. of Charles Cnty. v. Plymouth Rubber Co.*, 569 A.2d 1288, 1296 (1990). But, otherwise, the Court interprets an unambiguous contract as a matter of law. *Pac. Indem. Co. v. Interstate Fire & Cas. Co.*, 488 A.2d 486, 489 (Md. 1985).

In this regard, this Court has held that under basic principles of contract interpretation, "a contract should not be read to include meaningless or superfluous language." *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 532 (D. Md. 2014); *see also Rota-McLarty v. Santander Consumer USA Inc.*, 700 F.3d 690, 701 (4th Cir. 2012) ("Basic principles of contract interpretation instruct us to look first to the plain meaning of the contract's terms, and also to give meaning to each word used and avoid constructions that render language meaningless, superfluous, or contradictory."). Maryland courts have held that the scope of indemnification is a matter of contract interpretation. *Nova Rsch., Inc. v. Penske Truck Leasing Co.*, 952 A.2d 275, 284 (2008). And so, the Court construes language of the indemnification provision here "in accordance with its customary, ordinary, and accepted meaning." *Bd. of Trs., Cmty. Coll. of Balt., Cnty. v. Patient First Corp.*, 120 A.3d 124, 132 (Md. 2015).

The parties agree that they have entered into a valid contract for architectural, engineering and interior design services and that the Contract contains an indemnity clause, which provides as follows:

> [Rosemont] shall indemnify JN+A and any employees of JN+A and hold them harmless against any and all actions, claims, or damages that may accrue or allegedly accrue as a result of or arising from any act, alleged act, or alleged omission done in accordance with this contract, except for willful misconduct or gross negligence; [Rosemont] shall also pay reasonable attorneys' fees and costs encountered by JN+A to prepare for or defend against such action or claim.

ECF No. 134-1 at 6 (Section VI.C); *see also* ECF Nos. 134 and 140-1. The Court reads the plain and unambiguous language of the Contract's indemnity clause to require that Rosemont indemnify JN&A from certain claims brought by third parties—and not from claims brought by Rosemont—for several reasons.

8

First, the indemnity clause creates a mandatory obligation for Rosemont to indemnify JN&A from certain claims. The indemnity clause provides that Rosemont "shall indemnify" JN&A. As the Supreme Court has held, the word "shall" is a mandatory command that "normally creates an obligation that is impervious to discretion." *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (citation omitted); *see also Anderson v. Yungkau*, 329 U.S. 482, 485 (1947) ("The word 'shall' is ordinarily 'The language of command.'" (citation omitted)). And so, the Court reads the indemnity clause to mandate that Rosemont indemnify JN&A from certain claims.

Second, the Court reads the customary, ordinary and accepted meaning of the word "indemnify" in this provision to mean to protect from claims brought by third parties. In this regard, Black's Law Dictionary defines an "indemnity clause" as follows:

> A contractual provision in which one party agrees to answer for any specified or unspecified liability or harm that the other party might incur. Such a clause obligates the indemnifying party to protect the indemnified party against claims that might be *brought by third parties*.

*Indemnity Clause*, BLACK'S LAW DICTIONARY (12th ed. 2024) (emphasis added). Given this, the Court interprets the indemnity clause here to cover only claims by third parties.

The Court also reads the indemnity clause at issue here to cover a broad range of claims by such third parties, because the provision makes clear that it covers "any and all actions, claims, or damages that may accrue or allegedly accrue as a result of or arising from any act, or alleged omission done in accordance with this contract." ECF No. 134-1 at 6 (Section VI.C). The clear language of the indemnity clause also shows that the parties intended to limit the claims covered by the indemnity clause to exclude third-party claims "for willful misconduct or gross negligence." *Id.* And so, the Court reads the Contract's indemnity clause to require Rosemont to indemnify JN&A from all claims brought by third parties, that accrue as a result of, or arise from, the Contract, except for third-party claims for willful misconduct or gross negligence.

The Court's reading of the indemnity clause is reinforced by the limitation of liability provision in Section VI.F of the Contract. Section VI.F addresses JN&A's liability to Rosemont and provides that:

> To the fullest extent permitted by law, *the total liability of JN+A to [Rosemont]* and their respective employees or anyone claiming through any of the foregoing for any damages under any and all theories of liability *shall*

9

> *be limited to JN+A's available insurance coverage for the project* (inclusive of attorneys' fees and court costs). Notwithstanding the forgoing, no director, officer, shareholder, employee, representative, or agent of JN+A shall have any personal liability to [Rosemont] and their respective employees or any party claiming through any of the foregoing.

*Id.* (emphasis added). As Rosemont persuasively argues, this provision clearly contemplates that Rosemont might bring a breach of contract or other claim for damages against JN&A. ECF No. 142 at 17. And so, the plain terms of the Contract show that Rosemont's obligation to indemnify JN&A extends only to claims brough by third parties.

Because the second amended complaint makes clear that Rosemont's breach of contract claim against JN&A in this case is not a claim brought by a third party, the plain and unambiguous language of the Contract's indemnity clause does not bar this claim. And so, the Court DENIES JN&A's motion to dismiss Rosemont's breach of contact claim based upon the Contract's indemnity clause.[2]

### B. Rosemont's Fails To State A Plausible Breach Of Contract Claim

While the Contract does not bar Rosemont's breach of contract claim, JN&A persuasively argues that the second amended complaint lacks sufficient factual allegations to inform JN&A of the basis for the claim.

Pursuant to Fed. R. Civ. P. 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must also allege enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, a careful reading of the second amended complaint makes clear that Rosemont has not provided sufficient factual allegations to show that it is entitled to relief. In the second amended complaint, Rosemont alleges that it entered into a valid and binding contract with

---

[2] Rosemont's arguments to show that the Contract's indemnity clause is not valid and unenforceable are also unpersuasive. Rosemont first argues that the indemnity clause is unenforceable under Section 5-401 of the Maryland Code. ECF No. 142 at 10-14. But Section 5-401 prohibits certain indemnity agreements that purport to indemnify claims "arising out of bodily injury to any person or damage to property caused by or resulting from the sole negligence" of the indemnitee—which are not alleged in this case. MD. CODE. ANN. CTS. & JUD. PROC. § 5-401. Rosemont's argument that the indemnity clause is void and unenforceable on public policy and fairness grounds is equally unavailing, because the second amended complaint makes clear that the parties to the Contact are sophisticated businesses that entered into a valid contractual agreement related to design services for the Project. *See generally* ECF No. 134.

10

JN&A and that JN&A "contractually agreed to provide its services and work to be free from errors and omissions and that the services would meet the standard of care ordinarily provided by an architect practicing in the same or similar locality under the same or similar circumstances." ECF No. 134 at ¶ 21. Rosemont also alleges that "JN&A provided design drawings and documents that contained conflicting information, errors, and omissions, which resulted in numerous Requests for Information being issued by Barton Malow, the general contractor for the Project, and which required numerous revisions and supplements to the design documents issued by JN&A and RTM, and resulted in defects in the construction of the [hotel]." *Id.* at ¶ 22. And so, Rosemont contends that JN&A's alleged defective plans, acts, errors, and omissions constitute a breach of the Contract. *Id.* at ¶ 134.

But there are no factual allegations in the second amended complaint to explain the source of JN&A's alleged obligation to provide its services and work free from errors and omissions, or to require that JN&A's services meet the standard of care ordinarily provided by an architect practicing in the same or similar locality under the same or similar circumstances. *See generally id.* Nor are there factual allegations to provide JN&A with notice of the unspecified errors and omissions alleged in the second amended complaint. *See id.* at ¶¶ 17-24. The second amended complaint also does not clearly state whether JN&A committed the alleged errors, or whether one of its many consultants did so. *See id.*; *see also* ECF No. 134-1 at 1.

Given these concerns, the second amended complaint simply does not provide JN&A with sufficient notice of Rosemont's breach of contract claim to satisfy the requirements of Rule 8. And so, the Court must DISMISS this claim. Fed. R. Civ. P. 8(a) and 12(b)(6). The Court will do so, however, WITHOUT PREJUDICE to Rosemont to amend its breach of contract claim by curing these deficiencies.

V.      **CONCLUSION**

In sum, the plain language of the Contract's indemnity clause does not bar Rosemont's breach of contract claim, because that provision covers only claims brought by third parties. A careful reading of the second amended complaint shows, however, that Rosemont has not alleged sufficient factual allegations to provide JN&A with notice of the grounds for this claim. And so, the Court:

(1) **GRANTS-in-PART** and **DENIES-in-PART** JN&A's motion; and

(2) **DISMISSES** Rosemont's breach of contract claim **WITHOUT PREJUDIUCE**.

11

A separate Order shall issue.

**IT IS SO ORDERED.**

                                            <u>s/ Lydia Kay Griggsby</u>
                                            LYDIA KAY GRIGGSBY
                                            United States District Judge